UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDDIE FRAY**, <br><br> Plaintiff, <br><br> v. <br><br> **PETE BUTTIGIEG**, *et al.*, <br><br> Defendants. | Case No. 1:23-cv-03708 (TNM) |

## MEMORANDUM OPINION

Does the federal government owe you $120 billion when it ignores your unsolicited letters? Because it does not, this case must be dismissed.

## I.

Plaintiff Eddie Fray wrote then-Secretary of Transportation Anthony Foxx sometime in 2015. Compl. at 6, ECF No. 1. In that letter—which Fray characterizes as a petition for rulemaking—he provided "five abstract technological concepts to end pediatric vehicular hyperthermia," that is, the problem of children overheating in locked cars. *Id*. Fray wanted Foxx to read the letter and, based on his insights, to "issue a final rule requiring that passenger motor vehicles be equipped with a system" using his inventions. *Id*.

The next year, officials at the Department of Transportation wrote Fray and confirmed they had received his letter. Compl. at 6. But they took no action on his petition until they denied it roughly seven years later. *Id*. at 6 & 7. In the meantime, Fray continued his pursuit of "the heavenly answer to vehicular hyperthermia," including by contacting a bevy of federal officials. *Id*. at 6. To that end, he wrote former Presidents Barack Obama and Donald Trump, Secretary Foxx and his successor, Elaine Chao, and Senator Marco Rubio. *Id*.

In 2021, Congress passed an infrastructure bill requiring action similar to what Fray suggested back in 2016. Compl. at 6. But, Fray argues, this did not solve his problem. Instead, because his petition "predates the mandate of the bipartisan infrastructure bill," it "should be duly processed and ruled upon first."[1] *Id*.

So Fray now sues a farrago of federal officials. Against nearly a dozen Defendants, Fray asserts claims under the Fifth Amendment's Due Process Clause, the Sunshine in Government Act (often referred to as the Open Meetings Act), 18 U.S.C. §§ 2, 371, 401, and 1001, 49 C.F.R. § 552.8, and the common law torts of fraud and defamation. Compl. at 8. Defendants moved to dismiss Fray's claims, ECF No. 7, and that motion is now ripe.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. And as the party invoking federal jurisdiction, Fray must demonstrate *both* the Court's jurisdiction *and* a plausible claim on the merits. *See Dep't of Comm. v. U.S. House of Reps.*, 525 U.S. 316, 329 (1999).

Because Fray is proceeding pro se, his pleadings must be liberally construed. *Newman v. Howard Univ. Sch. of Law*, --- F. Supp. 3d ---, 2024 WL 450245, at *5 (D.D.C. 2024). But he is still subject to those standards. *Id*.

---

[1] Fray does not explain how the failure to follow this sequencing injured him in any way.

**III.**

The Court will dismiss all of Fray's claims; some for lack of jurisdiction, and some on the merits. The Court begins with its jurisdiction. *Ex parte McCardle*, 74 U.S. 506, 514 (1868) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

**A.**

To start, all of Fray's claims predicated on violations of criminal law fail. That is, his claims under 18 U.S.C. §§ 2, 371, and 1001. "[P]rivate parties lack both standing and a cause of action to enforce the criminal law." *Jean-Baptiste v. U.S. Dep't of Just.*, No. 1:23-cv-02298 (TNM), 2023 WL 8600569, at *2 (D.D.C. Dec. 12, 2023). In addition, Fray's claim under § 2 fails because § 2 does not set out an independent basis for liability but makes accomplices equally liable as principals for criminal offenses. 18 U.S.C. § 2.

Fray also brings a claim under "28 U.S.C. § 401." Compl. at 6. No such statute exists. Fray *may* mean to bring a claim under 18 U.S.C. § 401, which addresses criminal contempt of court. 18 U.S.C. § 401. But if he does, then this claim likewise fails because he lacks standing and a cause of action. *Jean-Baptiste*, 2023 WL 8600569, at *2.[2] Because Fray lacks standing to bring any of his criminal-law claims, the Court is without jurisdiction to address them and they must be dismissed. *Ex parte McCardle*, 74 U.S. at 514.

---

[2] Alternatively, Fray may be addressing 28 U.S.C. § 4101, which he provides a copy of in his exhibits. *See* Compl. Ex. 8, ECF No. 1-1 at 9. If so, his claim would fail for two more reasons. First, that provision falls in a chapter of the United States Code that is about "[r]ecognition of foreign defamation judgments," 28 U.S.C. § 4102, which this case has nothing to do with. And second, § 4101 is a definition section, so it does not create any binding legal rule, nor create a private cause of action.

3

The same is true of Fray's tort claims. "It is an axiom of our jurisprudence" that "[t]he government is not liable to suit unless it consents thereto." *Price v. United States*, 174 U.S. 373, 375–76 (1899). Although there is a limited exception for suits seeking equitable orders directed at federal officers in their official capacity, *see Edelman v. Jordan*, 415 U.S. 651, 663–65 (1974), Fray seeks no such equitable remedy. The only relief he requests as a remedy for his fraud and defamation claims is $120 billion of compensatory and exemplary damages. Compl. at 15. So "[t]he government is not liable to [Fray's] suit unless it consent[ed] thereto." *Price*, 174 U.S. at 375–76.

The government has waived its sovereign immunity in some contexts through the Federal Tort Claims Act, 28 U.S.C. §§ 2671–80. But the act carves out certain torts for which the federal government still may not be held liable. *Id*. § 2680; *Levin v. United States*, 568 U.S. 503, 507 & n.1 (2013). Among those torts are "libel" and "slander"—which together constitute defamation, *Defamation*, BLACK'S LAW DICTIONARY (11th ed. 2019)—along with "misrepresentation" and "deceit," both of which are essential elements in a fraudulent misrepresentation claim, *Sundberg v. TTR Realty, LLC*, 109 A.3d 1123, 1130 (D.C. 2015). 28 U.S.C. § 2680(h). Each of Fray's tort claims thus falls within the FTCA's intentional tort exception and is therefore barred by the federal government's sovereign immunity.

But even were they not, the Court would lack jurisdiction over them for another reason. The FTCA requires that, before suing the federal government, a plaintiff present his claims to "the appropriate Federal agency" for adjudication. 28 U.S.C. § 2675(a). This claim exhaustion requirement is jurisdictional. *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997). And Fray has not alleged that he exhausted his claims before resorting to federal court.

4

Although he *has* stated that he complained to the Department of Justice "[i]n 2021 or 2022," Opp'n at 2, ECF No. 9, that is not "the appropriate Federal agency." 28 U.S.C. § 2675(a). Instead, Fray's claims should have been presented to the agencies with which he had a problem: the Department of Transportation and NHTSA. Nor was Fray's informal letter-writing campaign targeting individual officials within and without those agencies, *e.g.*, Opp'n at 9, the prescribed procedure under the FTCA. 28 U.S.C. § 2675(a). So either way you slice it, the Court lacks jurisdiction to address his tort claims.

Next, the Court lacks jurisdiction over Fray's Administrative Procedure Act claim.[3] This claim asserts a purely procedural injury: the failure to timely address Fray's petition for rulemaking. *See* 49 C.F.R. § 552.8. But a purely procedural injury cannot by itself confer Article III standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 572–73 (1992). Instead, a procedural injury must lead to some "impair[ment of] a separate concrete interest." *Id*. at 572.[4] Fray identifies no such cognizable concrete interest. At most, he says that the delay has denied him the "overall satisfaction received from serving the greatest country there is, the United States of AMERICA," the "ecstasy associated with knowing that your intellectual property is preventing the death of innocent children," and the "delight and [j]oy derived from achieving one[']s targeted goal." Compl. at 14. Because Fray has identified no concrete downstream harm

---

[3] Fray never directly invokes the APA. But he asserts a violation of "552.8 Notification of Agency action on the petition." Compl. at 8. The Court construes this as a reference to 49 C.F.R. § 552.8, which bears that same title. *See* 49 C.F.R. § 552.8. And in that circumstance, the appropriate vehicle for bringing such a claim would be the APA. *See* 5 U.S.C. § 702.

[4] A narrow exception exists where, although the procedural injury does not impair a concrete interest, Congress has chosen to award a "cash bounty for the victorious plaintiff," *Lujan*, 504 U.S. at 572–73, as in qui tam suits under the False Claims Act. That proviso is not relevant here.

5

that he suffered because of his procedural injury, he fails to allege injury-in-fact and the Court lacks jurisdiction over his claim. *Lujan*, 504 U.S. at 560.

Even if he had standing to bring an APA claim, that claim would be moot. Money damages are unavailable under the APA. 5 U.S.C. § 702. So Fray could obtain only forward-looking injunctive relief. *See Cobell v. Babbitt*, 30 F. Supp. 2d 24, 34–35 (D.D.C. 1998). But there is no violation of § 552.8 left to enjoin. The problem under § 552.8 was that the Administrator had not "grant[ed] or den[ied] the petition" for rulemaking. 49 C.F.R. § 552.8. Fray admits, however, that the Administrator has since denied his petition and that he has received notice of that denial. Compl. at 7. So the terms of § 552.8 have now been fully complied with and there is no remaining relief that the Court can order. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). The claim is thus moot. *Id*.

**B.**

Last, Fray brings two claims in which the Court does have jurisdiction. But they still fail on the merits. For one, he brings a claim under the Due Process Clause. The Due Process Clause protects only interests in "life, liberty, [and] property." U.S. CONST. amend. V. For any process at all to be due, plaintiffs must generally identify some predicate vested right entitled to Fifth Amendment protection. *Weaver v. Graham*, 450 U.S. 24, 29–30 (1981) ("Evaluating whether a right has vested is important for claims under the . . . Due Process Clause[], which solely protect[s] pre-existing entitlements."). Fray has not done so.

Neither the supposed unreasonable delay in consideration of Fray's petition, nor the ultimate denial of it, can support a Due Process Clause claim.[5] Neither one is a vested right of

---

[5] It is unclear, exactly, what Fray's Due Process Clause claim is referring to. But in his Complaint, he invokes the Due Process Clause in connection with his allegation that his petition

the kind cognizable under the Due Process Clause.  For starters, Fray identifies no right at all.  Although certain statutes require reasonably prompt agency action, *see*, *e.g.*, 5 U.S.C. §§ 555(b), (e), 706(1), those statutes operate as a limitation on the agency, *not* as a right to be held by members of the public.  *Cf. Rep. Nat'l Bank of Miami v. United States*, 506 U.S. 80, 100 (1992) (Thomas, J., concurring) (drawing a comparable line in the judicial context).  Indeed, the discussion of timeliness in § 555(b) follows a series of sentences providing that "[a] person . . . is entitled" to various rights but drops such a framing itself in favor of language discussing what "each agency shall" do.  5 U.S.C. § 555(b).  Similarly, no individual has a right to have agencies approve his or her petition for rulemaking.  The choice whether to adopt a given substantive rule is within the agency's own discretion.

More, even if such rights existed, they could not support a procedural due process claim.  Neither right, supposing it exists, is a *vested* right.  *See Assoc. of Accredited Cosmetology Schs. v. Alexander*, 979 F.2d 859, 864 (D.C. Cir. 1992) (explaining concept of vested rights).  And even if they were, only certain kinds of vested rights qualify.  U.S. CONST. amend. V.  But the "rights" Fray points to are not rights to "life," to "liberty," or to "property."  *Id*.  So the Due Process Clause simply has no role here.

For another thing, Fray brings a claim under the federal Open Meetings Act.  But the Open Meetings Act does not apply to these Defendants.  Fray sues officials in the Department of Transportation and NHTSA.  But the Open Meetings Act applies only to agencies "headed by a collegial body composed of two or more individual members, a majority of whom are appointed to such position by the President with the advice and consent of the Senate."  5 U.S.C.

---

was "bur[ied]" and in connection with its denial.  Compl. at 6 & 7.  So the Court construes his Due Process Clause claim as referring to either unreasonable delay or the denial of his petition.

§ 552b(a)(1).[6] Neither the Department of Transportation nor NHTSA is "headed by a collegial body composed of two or more individual members." 49 U.S.C. § 102(b) ("The head of the Department is the Secretary of Transportation."); *id*. § 105(b) ("The head of the Administration is the Administrator."). So the Open Meetings Act just does not apply.

## IV.

For the reasons given above, the Court will grant the Government's Motion to Dismiss. A separate Order will issue today.

Dated: April 24, 2024                                    TREVOR N. McFADDEN, U.S.D.J.

---

[6] Section 552b(a)(1) adopts the definition of agency provided "in section 552(e) of this title." 5 U.S.C. § 552b(a)(1). But no such definition is provided in 5 U.S.C. § 552(e). Instead, this cross-reference appears to properly refer to 5 U.S.C. § 552(f), a previous version of which was located at 5 U.S.C. § 552(e) when the Open Meetings Act was enacted. *See* Gov't in the Sunshine Act, Pub. L. 94-409, 90 Stat. 1241 (1976); 5 U.S.C. § 552(e) (1976).

8